[Civ. No. 5596. First Appellate District, Division Two.—May 6, 1926.]

E. J. PALMER et al., Plaintiffs and Respondents, v. M. EMANUEL, Defendant and Appellant; JENNIE L. SHANNON, Intervener and Respondent. ......

[1] Contracts—Sale of Stock—Breach by Plaintiffs—Pleading—Affirmative Defense.—In an action to recover moneys alleged to be due under the terms of an executory contract for the sale of shares of stock in a corporation, where the defendant by way of further defense pleads a covenant in said contract not to assign and a breach of said covenant, and such pleading is not sham and irrelevant, or redundant, such pleading should be allowed to stand and a hearing should be had on the merits thereof.

[2] Id.—Injury to Property or Business—Detriment to Character or Reputation — Separable Invalid Provisions — Arbitration—Damages—Pleading.—In such action, where the defendant, in addition to pleading the contract *in haec verba*, by way of further defense, pleads a breach by plaintiffs of a covenant of said contract not to commit any act or injury to the detriment of the property or business of the corporation, or of any of its officers or employees or agents, nor to commit any act or deed, nor to say or do anything detrimental to the character or reputation of defendant, and actual damages is claimed for said breach, such defense may not be said to be sham, or irrelevant or redundant matter; and where such provision of the contract is separable from the other provisions of the contract relating to arbitration and liquidated damages, the invalidity of the latter provisions will not affect defendant's right to plead, by way of defense, plaintiffs' breach of the former legal and separable provision.

[3] Id. — Overpleading of Contract — Remedy of Plaintiffs. — In such action, if defendant overpleaded the provisions of the contract, a *motion* by plaintiffs to strike out was not the proper remedy.

[4] Id. — Liquidated Damages — Separable Provision — Actual Damages—Jurisdiction.—Where the provision of a contract relating to liquidated damages is invalid, but the other and separable provisions of the contract are valid, the act of the court in assessing actual damages for a breach of such valid provisions does not constitute the making of a new contract for the parties,

2. See 6 Cal. Jur. 149.
3. See 21 Cal. Jur. 247.
4. See 8 Cal. Jur. 854.

but merely the exercise of the jurisdiction conferred upon the court by section 1599 of the Civil Code.

[5] ID.—JOINT AND SEVERAL PROMISES—BREACH—PARTIES LIABLE.— Where each of the vendors' under an executory contract for the sale of corporate stock receives a part of the consideration, and the language of said contract is, as to the vendors, the language of joint and several promises, the violation of the covenants of said contract by one of the vendors will give rise to a right of action against all of them.

(1) 31 Cyc., p. 616, n. 30.   (2) 31 Cyc., p. 639, n. 13, p. 643, n. 59. (3) 31 Cyc., p. 637, n. 2, p. 675, n. 38.   (4) 13 C. J., p. 502, n. 57, p. 515, n. 56.   (5) 13 C. J., p. 576, n. 6, 9.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. George H. Cabaniss, Judge. Reversed.

The facts are stated in the opinion of the court.

John J. Goldberg and David L. Levy for Appellant.

T. John Butler and W. W. Watson for Plaintiffs-Respondents.

E. J. Talbot for Intervener and Respondent.

STURTEVANT, J.—Plaintiffs commenced an action to recover moneys alleged to be due under the terms of an executory contract for the sale of shares of stock in a corporation. Attacks on some of defendant's pleadings were sustained. Later the defendant filed a second amended answer, and still later, with the consent of the court, he filed amendments thereto. The plaintiffs again demurred to the defendant's answer as amended and again interposed a motion to strike out parts thereof. The trial court overruled the demurrer and granted the motion to strike out. Thereafter the action went to trial and judgment was rendered in favor of the plaintiffs and against the defendant for a part of the relief prayed for by the plaintiffs. From so much of the judgment as was rendered in favor of the plaintiffs the defendant has appealed and has brought up bills of exception. In support of his appeal the appellant contends that the order striking out had the result of prevent-

ing the appellant from presenting any affirmative defense in the trial court. As the cause went to trial on the plaintiffs' complaint and supplemental complaint and the second amended answer, out of which parts had been stricken by virtue of the order hereinabove last mentioned, it is unnecessary to consider the order striking out parts of the original answer. There was a complaint in intervention, answer thereto, motion to strike out, order granted, etc., but as no affirmative relief was granted to the intervener against the appellant there is no necessity of passing on that ruling in any further detail than to state that in all respects the pleadings were the same and that this decision applies equally to the order striking out parts of appellant's answer to the complaint in intervention.

Prior to the twenty-sixth day of June, 1914, The Ellis Landing and Dock Company, a corporation, was engaged in subdividing, platting, and selling a tract of land located near Richmond, in Contra Costa County. The capital stock had all been issued. Of the total of 1,000 shares the appellant owned 499 shares and E. J. Palmer, Daniel Corcoran, and R. T. Shannon owned 499 shares, each having an undivided one-third interest therein. On the said twenty-sixth day of June, 1914, the parties entered into an executory contract in writing, under the terms of which E. J. Palmer, Daniel Corcoran, and R. T. Shannon sold to the appellant, M. Emanuel, their 499 shares of stock for the sum of $40,000 without interest. The purchase price was payable $2,164.50 cash, the surrender by appellant of a promissory note held by him against one of the vendors, Palmer, the balance due thereon being $2,835.50, and the remaining amount being payable in installments. The appellant made payments down to and including the month of October, 1916, and then refused to make further payments. In their complaint and supplemental complaint the plaintiffs claimed to be entitled to judgment in the sum of all the remaining payments. The trial court refused to give them judgment for $18,800, holding that under the terms of the contract that amount was payable on the happening of a condition and that said condition had not yet occurred. That portion of the judgment was appealed from by the plaintiffs and has been affirmed in the case entitled *Palmer* v. *Emanuel*, No. 5524, this day filed. However, the

trial court awarded judgment in favor of the plaintiffs for all of the remaining installments, together with interest, and it is of that ruling the appellant complains.

In his second amended answer, as amended by amendments subsequently filed, the defendant pleaded the entire contract *in haec verba*. He also pleaded paragraphs 12, 13, and 16, according to their legal effect. Those paragraphs are as follows:

"12. And it is further agreed by and between the said parties hereto, that none of said parties hereto, shall directly or individually do, commit, or cause to be done or committed, any act or injury to the detriment of the property or business of the said corporation The Ellis Landing and Dock Company, or any of its officers or employees or agents, nor commit any act or deed, nor say or do anything detrimental to the character or reputation of any of the parties hereto, and that should the said E. J. Palmer, Daniel Corcoran or R. T. Shannon, or any of them, directly or indirectly do, say, write, print, indite or publish, or cause to be done or published, or in any other way cause damage or injury to the property of said corporation, or defame the character or reputation of the said M. Emanuel, and should they or any of them be found guilty thereof, by P. A. Bergerot, representing said Palmer, Corcoran and Shannon, and Henry H. Davis, representing said M. Emanuel and said corporation The Ellis Landing and Dock Company, then the said Palmer, Corcoran and Shannon, or any of them, shall lose their and each of their right, title and interest to any part or portion of the unpaid purchase price of said forty thousand dollars ($40,000) which shall be considered and charged as liquidated damages suffered and sustained by the said corporation The Ellis Landing and Dock Company or the said M. Emanuel, or both, by reason of such act or acts committed by the said Palmer or Corcoran or Shannon, or any of them; and should the said Bergerot and Davis fail to agree on a finding of guilt or innocence in said matters, then the said Louis Saroni shall be called in as umpire, and his decision shall be a final adjudication of said matter, without any right, power or authority of said Emanuel, Palmer, Corcoran or Shannon, or any of them to resort or appeal to any court or other tribunal for relief of any nature or kind whatsoever from the judg-

ment of the said Bergerot and Davis, or in the event of their failure to agree, then from the judgment of the said umpire, Louis Saroni.

"13. No part or portion of this agreement or any interest of any of the parties is assignable or transferable, except upon first obtaining the written consent of said Emanuel thereto; it being specially agreed that no assignments or transfers of any interest nor any incumbrance of any interest of said E. J. Palmer, Daniel Corcoran or R. T. Shannon, any or all, can be made or be valid without first obtaining the written consent of said M. Emanuel thereto. . . .

"16. Should the said E. J. Palmer, Daniel Corcoran or R. T. Shannon, or any or all of them, commit any breach of this agreement on their part or by any of them, then such portion of the unpaid balance of said forty thousand dollars ($40,000) shall be considered and held by said M. Emanuel as liquidated damages sustained by said Emanuel by reason of such breach of this agreement."

He then pleaded what he claimed to be breaches of the covenants contained in paragraphs 12 and 13. The substance of the pleading may be stated as follows: On the twenty-sixth day of June, 1914, the date that the contract was made, The Ellis Landing and Dock Company was engaged in subdividing, platting, and selling a tract of land situated in the city of Richmond, in Contra Costa County. At the same time the Richmond East Shore Realty Company, a corporation, was likewise engaged in the sale of another tract of land located in the same city. The defendant was the president and active business manager of The Ellis Landing and Dock Company. E. J. Palmer, Daniel Corcoran, R. T. Shannon, and Jennie Shannon, his wife, were the sole owners and stockholders of the Richmond East Shore Realty Company and continued as such during the remainder of the existence of that company. That under and by virtue of the provisions of paragraph 12 of the contract the vendors agreed that neither of them should directly or indirectly commit or cause to be done or committed any act or injury to the detriment of the property or the business of The Ellis Landing and Dock Company, or any of its officers, or do anything detrimental to the character of the vendee. It is then pleaded

that notwithstanding the provisions of the contract, the vendors, and each of them, on numerous occasions, both before and after the first day of October, 1916, committed many breaches of said covenants. Said breaches were meticulously pleaded by the defendant. Then the defendant pleaded that said breaches damaged him "in a large sum of money in excess of $50,000, the exact amount of which it is not possible for this defendant to ascertain. . . . " Having so constructed his pleading, the defendant then pleaded facts showing or tending to show that he was entitled to rely on the covenant for liquidated damages; that is, that the plaintiffs had forfeited their right to further payments and that such unpaid payments should be treated as liquidated damages.

The defendant then pleaded another defense to the effect that by the provisions of paragraph 13 of the contract the vendors undertook not to assign. Thereafter he proceeded in the same full and complete manner to plead a breach of said covenant by the vendors on the sixteenth day of July, 1914. Connected with this second defense the defendant likewise pleaded the provisions of paragraph 16 relative to liquidated damages.

Continuing, the defendant pleaded the provisions contained in paragraph 12 which provided for an arbitration of any breaches of said paragraph 12. ' In this connection he pleaded the facts showing or tending to show that he had complied, or attempted to comply, with the provisions of the contract providing a procedure for the settlement of disputes between the parties by arbitration.

The motion as made by the plaintiffs, and the order of the trial court striking out, did not extend to all of the new matter set forth in the defendant's pleading. However, it did extend to those portions of the pleading which pleaded paragraphs 12, 13, and 16 of the contract, according to their legal effect, and to all allegations of the breaches of said paragraphs and to all of the allegations of the defendant regarding his acts looking toward an arbitration.

At this time the appellant concedes that the provision for arbitration as contained in the contract is unenforceable. The respondents contend that such provisions are void and unenforceable. It is therefore unnecessary for us to further

consider the ruling striking out those passages dealing solely with the subject of arbitration.

Regarding the other portions stricken out, the appellant contends that he was entitled to defend and present all of the facts, and to ask for relief on any one of three different theories. First, that the right of the plaintiffs to recover any payments was a right conditional on their performance of the conditions subsequent; second, if plaintiffs breached their contract that the defendant was, under the terms of the contract, entitled to liquidated damages as provided in the contract; third, that if the plaintiffs breached their contract, then the defendant was entitled to prove and recover such actual damages as he was able to prove. As the appeal presents a ruling on a motion to strike out, it is not necessary for us to consider each of the foregoing theories. If his pleading was sufficient to sustain any one of those theories then the motion to strike out should have been denied and the judgment should be reversed.

[1] Taking up first the alleged breach of the covenant not to assign, we find no frailty in the pleading on its face. The power to strike out extends to sham and irrelevant answers and irrelevant and redundant matter. (Code Civ. Proc., sec. 453.) The respondents in their brief have given no reasons showing that such defense fell within any one of the categories designated in the code section. The defense should have been allowed to stand and a hearing should have been had on the merits thereof.

[2] Passing to the other defense regarding the alleged breaches of the provisions of paragraph 12 of the contract, we find a similar condition. Commencing with the beginning of paragraph 12 of the contract and ending with the words, "character or reputation of the said M. Emanuel," in about the middle of said paragraph, the respondents do not claim that any part or portion is illegal for any reason. Commencing with the words immediately following, "and should they or any of them be found guilty thereof by P. A. Bergerot," etc., down to the end of the paragraph, it may be conceded, as both parties contended, that the provisions regarding arbitration are illegal. We may further assume, for the purposes of this decision, and solely for such purposes, that the provisions regarding liquidated damages are also illegal. In that event the latter portion of paragraph

12 will all be treated as illegal. However, as the first portion above mentioned is entirely legal and separable from the rest of the paragraph it was enforceable. (Civ. Code, sec. 1599; 6 Cal. Jur., p. 149.) We see no reason why the defense, founded thereon and claiming actual damages may properly be said to be sham, or irrelevant or redundant matter.

The respondents contend that the part stricken cannot be identified. It is quoted in the order *in haec verba* and there is no difficulty about identifying it.

On the trial of the case, through an abundance of precaution, the appellant offered to prove the allegations which had been stricken out. He was under no duty to make that offer, and whether his offer was sufficient or insufficient need not be discussed.

[3] The respondents claim that the defendant overpleaded the provisions of the contract. It will suffice to state that a motion to strike was not the proper remedy if respondents were attempting to make any such contention.

Regarding the contention of respondents that paragraph 12 contained provisions that were void, we have indicated our views above and we need not again take up those contentions of the respondents.

[4] Respondents make the further point that if any court should find that the respondents have been guilty of violating the covenants contained in paragraph 12 and fix the damage therefor, such court would be making a new contract for the parties. When the legislature enacted section 1599 of the Civil Code it certainly did not think that it was conferring power on the courts to make contracts, but it undoubtedly thought it was providing that under certain circumstances the courts might proceed to exercise a jurisdiction that would exist where there was no valid contract on the subject executed by the parties.

[5] Taking up paragraph 12 item by item, the respondents contend that if one of the vendors violated the covenants of the paragraph the defendant's right of action would be against the guilty person only. But, under the uncontroverted facts, each of the vendors received a part of the consideration. Furthermore, the language of the covenants contained in paragraph 12 is clearly the language of joint and several promises. Moreover, "Where all the

parties who unite in a promise receive some benefit from the consideration . . . their promise is presumed to be joint and several.'' (Civ. Code, sec. 1659.)

The respondents earnestly contend that the latter part of paragraph 12 attempts to preclude the vendees from giving testimony in court; that it also attempts to suppress evidence; and that it attempts to oust the courts of their jurisdiction and is therefore void. Thereupon they proceed to contend that because of the invalidity of a part of the paragraph the defendant Emanuel should be, by the judgment of the courts, prevented from giving testimony in court, that the evidence of his witnesses should be suppressed, and that the courts should be ousted of their jurisdiction to hear the defense of the defendant. To state the contention is to answer it.

So much of the judgment as was appealed from is reversed.

Langdon, P. J., and Nourse, J., concurred.

A petition by respondents to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on July 2, 1926.